UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOSTAFA HASSAN NATOUR § § § *Plaintiff,* § § § v. § § UNITED STATES POSTAL SERVICE § AND SONNY JACKSON § § *Defendants* § § | Civil Action No. 4:23-cv-234 JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Mostafa Hassan Natour ("**Plaintiff**") files this Original Petition against Defendants, Sonny Jackson and the United States Postal Service, as an agency of the United States (collectively the "**Defendants**") stating as follows:

**PARTIES**

1. Plaintiff Mostafa Hassan Natour resides in Harris County, Texas.

2. Defendant United States Postal Service is an agency of the United States and is subject to suit for personal injuries caused by the negligent and wrongful acts and omissions of an employee of the United States while acting within the course and scope of his office or employment, under the circumstances where Defendant, if a private person, would be liable to the Plaintiff pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, (hereafter the

1

**"FTCA"**).

3. Defendant Sonny Jackson is a resident of Manvel, Texas.

## JURISDICTION AND VENUE

4. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

5. This Court has exclusive jurisdiction over this case under 28 U.S.C. § 1346(b)(1), as it involves a claim against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

6. This Court has jurisdiction over Defendant, United States Postal Service, because this Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts with said forum sufficient to confer jurisdiction over said Defendant United States Personal Service and the assumption of jurisdiction over Defendant United States Postal Service will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would show that Defendant, United States Postal Service, had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

8. Plaintiff would show that Plaintiff's cause of action against Defendant, United States Postal Services, arose from its continuous and systematic contacts with the State of Texas.

9. This Court has jurisdiction over Defendant Sonny Jackson as he has sufficient minimum contacts with the State of Texas by residing in Texas. Moreover, Defendant's acts and

omissions giving rise to Plaintiff's claims occurred in this state.

10. Plaintiff satisfied all conditions precedent, and exhausted all administrative remedies, prior to bringing these claims against the Defendants under the FTCA.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that all or a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

## FACTUAL BACKGROUND

12. On February 1, 2021, Plaintiff Mostafa Hassan Natour was travelling on the 3600 block of South Main Street, when the Defendant Sonny Jackson, driving a vehicle owned by Defendant, United States Postal Service, failed to stop at a stop sign causing him to Plaintiff's vehicle. As a result, Plaintiff sustained serious personal injuries for which he sought the care of medical professionals.

13. At the time of the collision, Defendant Jackson was acting within the scope of his official duties.

14. Defendant Jackson's conduct leading to the collision with Plaintiff was negligent and wrongful.

15. Defendant Jackson's conduct leading to the accident proximately caused Plaintiff Natour's injuries and damages.

## NEGLIGENCE AND NEGLIGENCE *PER SE*

16. Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

17. On the date of the incident which forms the basis of this suit, Defendant was negligent by violating and breaching duties they owed to Plaintiff. Defendant failed to exercise that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances. Specific acts of negligence by Defendants that proximately caused

Plaintiff's injuries and damages include, but are not limited to:

    a.    Failing to maintain a proper lookout;

    b.    Failing to stop at a red light;

    c.    Failing to operate a vehicle at a safe speed for the given conditions;

    d.    Failing to take necessary evasive action;

    e.    Driving recklessly;

    f.    Failing to properly maintain a vehicle; and

    g.    Failing to timely apply brakes.

18. Defendants failed to act in accordance with the appropriate standards of care. Defendants' negligent acts and omissions were a direct and proximate cause of Plaintiff's injuries and damages as alleged herein. As a result of Defendants' negligence, Plaintiff sustained physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses and future medical expenses.

19. Likewise, to the extent such above-described acts or omissions and other negligent conduct of Defendants are a violation of statutes, regulations, ordinances or other laws, including but not limited to Texas Transportation Code 521.457, 521.458, 542.458, 545.351, and 545.401, such violations constitute negligence *per se* on the part of Defendants.

### VICARIOUS LIABILITY AND *RESPONDEAT SUPERIOR*

20. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21. At the time of the wrongful conduct and injuries to Plaintiff, Defendant Sonny Jackson was the employee, servant, agent and/or representative of Defendant United States Postal Service and was acting in the course and scope of his employment with Defendant United States Postal Service or on behalf of Defendant United States Postal Service and was under its

management, control, guidance and supervision. Defendant United States is therefore liable to Plaintiff for the negligence, negligence per se, gross negligence and other wrongful conduct, acts, and omissions of Defendant Sonny Jackson, and all injuries and damages to Plaintiffs caused thereby under the doctrines of vicarious liability and *respondeat superior*.

## PLAINTIFF'S DAMAGES

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer physical and emotional injuries, and to incur the following damages:

   a. Physical pain and mental anguish in the past and future;

   b. Reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

   c. Physical impairment in the past and future;

   d. Physical pain and suffering in the past and future; and

   e. Physical disfigurement in the past and future.

## REQUEST FOR JURY TRIAL

23. Plaintiff hereby demands a trial by jury for all questions of act. The jury fee has been paid.

## SPOLIATION OF EVIDENCE NOTICE

24. Defendants and all of their owners, management, agents, shareholders, executives, employees, and employees are hereby put on notice that all documents, photographs, videos, reports, and tangible things that are relevant or related to the matters at issue or addressed in this pleading, or which may be reasonably calculated to lead to the discovery of admissible evidence relating to any and all such matters, must be preserved by Defendants and not destroyed, despite any applicable document retention/destruction policies. Plaintiff shall seek all available legal

remedies, relief, and sanctions for any and all such items which are not preserved, or which have been destroyed. This Notice supplements and does not amend or otherwise supersede prior such notices Defendants have received.

## CONDITIONS PRECEDENT

25. All conditions precedent to Plaintiff's recovery and Defendants' liability have been performed or have occurred.

## PRAYER

26. THEREFORE, Plaintiff respectfully prays that judgment be entered for him and against Defendants for Plaintiff's actual damages, pre- and post-judgment interest, cost of court and for all other relief to which they are justly entitled under law and equity.

Respectfully submitted,

**WALI LAW PLLC**

By: _/s/ Ahson Wali_

Ahson Wali
Tx Bar No. 24106815
Southern District No. 3392408
2323 S. Voss Road, Suite 270
Houston, Texas 77057
Tel: (832) 968-8686
Fax: (832) 968-8686
E: aw@walilaw.com
Husein Hadi
Texas Bar No. 24067641
Federal Bar No. 1626617
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel:  (832) 433-7977
Fax:  (855) 423-4529
litigation@thehadilawfirm.com
*Attorneys for Plaintiff*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**